**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| Michelle Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. N25C-11-134 FJJ |
| Claymont Associates, LLC | ) | |
| A Delaware Corporation, Darley | ) | |
| Associates, LLC, a Delaware | ) | |
| Corporation d/b/a Dollar Family, and | ) | |
| Easy Money Group Acquisition Co., | ) | |
| LLC, d/b/a Minute Loan Center, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER
### *On Defendant Easy Money Group Acquisition Co., LLC's Motion For Judgment On The Pleadings*

Having considered Defendant Easy Money Group Acquisition Co., LLC's d/b/a Minute Loan Center ("Easy Money") Motion for Judgment on the Pleadings and Plaintiff, Michelle Thomas' ("Plaintiff"), response it appears to the Court that:

1. This is a personal injury action where Plaintiff alleges that she sustained injuries as a result of a slip and fall while walking on the sidewalk of the property of Claymont Shopping Center ("Claymont") in an area near or around the Easy Money and/or a Dollar Family store. One of the Defendants sued is Easy Money.

2. Easy Money has filed for Judgment on the Pleadings. The motion is based on an argument that Plaintiff fell in area that was not the responsibility of

1

Easy Money.

3. Under Superior Court Civil Rule 12(c), "any party may move for judgment on the pleadings." "In resolving a Rule 12(c) motion, the Court accepts the truth of all well-pleaded facts and draws all reasonable factual inferences in favor of the non-movant."[1] The standard of review on a motion for judgment on the pleadings tracks the standard for a motion to dismiss under Rule 12(b)(6).[2] Accordingly, "[t]he Court will not grant judgment on the pleadings unless, after drawing all reasonable inferences in favor of the non-moving party, no material issues of fact exists and movant is entitled to judgment as a matter of law."[3] Where matters outside the pleadings are presented to the Court the motion shall be treated as one for summary judgment and all parties are required to be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.[4]

4. In support of its motion Easy Money attached to its Motion: (1) photographs of the alleged area where Plaintiff fell; (2) the lease agreement between Claymont Associates and EMG Acquisition Company of Del. LLC and (3) a statement from the Easy Money Store Manager who allegedly saw the

---

[1] *Fortis Advisors LLC v. Boston Dynamics Inc.*, 2025 WL 1356521, at *3 (Del. Super. Apr. 29, 2025) (citing *D'Antonio v. Wesley Coll., Inc.*, 2023 WL 9021767, at *2 (Del. Super. Dec. 29, 2023)).
[2] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Jan. 17, 2014) (quoting *Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412, at *6 (Del. Super. Aug. 8, 2012)).
[3] *Four Cents Hldgs., LLC v. M&E Printing, Inc.*, 2025 WL 2366460, at *4 (Del. Super. Aug. 12, 2025) (citing *Ford Motor Co. v. Earthbound, LLC*, 2024 WL 3067114, at *7 (Del. Super. June 5, 2024)).
[4] Del. Super. Ct. Civ. R. 12(c).

Plaintiff's fall. The existence and reliance by Easy Money on these materials, especially those materials beyond the lease, convert this motion into one for summary judgment.

5. Easy Money contends that it is entitled to Judgment because the lease agreement between it and the Landlord, Claymont Associates, LLC (who is also a Defendant in this case) puts the obligation on Claymont Associates to maintain the area where the Plaintiff fell.

6. Plaintiff responds that it is premature to grant Easy Money's motion and that there are a number of disputed facts that prevent the Court from granting Judgment on the Pleadings.

7. I agree with Plaintiff. As Plaintiff points out Easy Money has conceded for purposes of this motion that the location of the subject incident occurred directly in front of its retail location and that the lease between Easy Money and its landlord provides:

> In the event that the Premises should become in need of repairs required to be made by the Landlord hereunder, Tenant shall give immediate written notice thereof to Landlord, and Landlord shall not be responsible in any way for failure to make any such repairs until a reasonable time shall have elapsed after the giving of such written notice.

There are genuine issues of material fact as to whether Easy Money breached its duty under the lease and its duty to the Plaintiff by failing to give

3

notice that effected premises needed repairs. Plaintiff has alleged that each of the Defendants owed her a duty and that duty was breached in part by "allowing a long standing, dirty, slippery and dangerous condition to exist on a walkway for patrons of the shopping center." When the facts are viewed in a light most favorable to the Plaintiff and all inferences are drawn in Plaintiff's favor there remains a question of whether Easy Money violated its duty to Plaintiff irrespective of where Plaintiff actually fell.

8. Additionally, since I have converted this motion into one for summary judgment, plaintiff must be given a reasonable opportunity to response to the motion. In this case that reasonable opportunity is to entitle plaintiff to take discovery on the issues raised by Easy Money. Easy Money is free to renew its motion after plaintiff has had a reasonable opportunity to take discovery.

Easy Money's Motion is **DENIED**.

**IT IS SO ORDERED** this 5th day of March, 2026.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     File & Serve Xpress